IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RONALD D. TATE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civ. Action No. 12-1129-GMS |
|  | ) |  |
| JOSEPH BENSON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Ronald D. Tate ("Tate"), an inmate at the Metropolitan Detention Center, Brooklyn, New York, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but has paid the filing fee. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Tate filed this complaint pursuant to 42 U.S.C. § 1983 alleging ineffective assistance of counsel by his criminal defense attorneys, Joseph Benson ("Benson") and Mark Greenberg ("Greenberg"). The claims are is actually governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).[2] Tate retained Benson to represent him

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must

in federal court on criminal charges. He became dissatisfied with Benson and asked the court to remove Benson and appoint counsel through the CJA panel. Greenberg, an attorney on the CJA panel, was appointed to represent Tate. Tate is presently serving a sentence for aiding and abetting mail fraud and for aiding and abetting wire fraud. Tate alleges that defense counsel failed to provide him with adequate representation. He seeks return of attorney fees paid to Benson as well as compensatory and punitive damages.

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Tate proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

---

show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D. Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

2

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Tate leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a

3

claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Tate has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Tate's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

Tate brings suit against the defendants on the basis that, according to him, they provided him with ineffective assistance of counsel in a federal criminal case. The *Bivens* claims fail as a matter of law.

With regard to Benson, there are no allegations that he acted under color of federal or state law. He is a private attorney retained to represent Tate in federal court. *See Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D. Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

The alleged acts and omissions complained of with regard to the representation Greenberg provided to Tate, concern the traditional functions of a criminal defense counsel. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law under 42 U.S.C. § 1983, the statutory counterpart to a *Bivens* claim, when performing the traditional functions of counsel to a criminal defendant in a state proceeding. *Polk County v. Dodson* applies equally to defense attorneys appointed from the CJA panel.

The complaint fails to state cognizable *Bivens* claims against the defendants. *See Richards v. Flynn*, 263 F. App'x, 496 (7th Cir. 2008) (not published) (affirming *sua sponte* dismissal of *Bivens* action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of law); *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding").

The claims have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## V. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to

5

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Jan 11, 2013
Wilmington, Delaware